**Claudia Marcela Ocampo MANRIQUE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74959.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 1, 2007.

Steven A. Seick, Esq., San Diego, CA, for Petitioner.

Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Joanne E. Johnson, Esq., San Francisco, CA, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Barbara C. Biddle, Esq., Mark Davies, DOJ–U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Claudia Marcela Ocampo Manrique, a native and citizen of Colombia, petitions for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), we deny the petition.

Ocampo Manrique relies on an incident in which she was kidnaped by her boyfriend as evidence of past persecution. We are not persuaded. Substantial evidence supports the finding that this crime was not based on a protected ground. *See Ochave v. INS,* 254 F.3d 859, 865–66 (9th Cir.2001) (requiring alien to establish nexus between alleged persecution and protected ground). Additionally, Ocampo Manrique's reliance on threatening phone calls as evidence of past persecution is unavailing. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution). We are also not persuaded that the threatening calls were made on account of a protected ground. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1171 (9th Cir.2005) ("Applicants can no longer establish that their persecution was 'on account of' political opinion by inference, unless the inference is one that is clearly to be drawn from facts in evidence.").

Therefore, even assuming Ocampo Manrique was credible, substantial evidence supports the determination that she failed to present sufficient evidence to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Ocampo Manrique failed to establish eligibility for asylum, it follows that she failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Because Ocampo Manrique's opening brief does not address the IJ's ruling on her claim regarding protection under the CAT, we deem this claim waived. *See Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir.2006) (en banc).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.